Mateo Ccohoa **FUENTES**; Maria Angelica Sime Tomaylla; Liliana Milagros Ccohoa Sime; Carla Lizbeth Ccohoa Sime, Petitioners,

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 06–70501.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2010.*

Filed April 20, 2010.

Meredith Riley Brown, Law Office of Meredith R. Brown, Glendale, CA, for Petitioners.

Edward John Duffy, Trial, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: RYMER, McKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM **

Mateo Ccohoa Fuentes and his family, natives and citizens of Peru, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's decision denying their application for asylum and withhold-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ing of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir.2006). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination because the inconsistencies regarding how the attackers of his bus identified themselves goes to the heart of his claim of persecution. *See Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004). In the absence of credible testimony, Ccohoa's asylum and withholding of removal claims fail. *See*

*Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

We reject petitioners' request for judicial notice. We also reject petitioners' claim that they were denied a right to a full and fair hearing. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error and prejudice for a petitioner to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**